## E. J. Abersol v. Elmwood Coal Company.

1. EVIDENCE—*Oral Proof of Contents of Records.*—Where the witness fails to swear that he does not know who has possession of records at the time of the trial, and there is nothing in the evidence to show that the witness or the defendant might not have produced the records in court at that time, a proper foundation is not laid for the introduction of oral proof of the contents of the records.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Peoria County; the Hon. THEODORE N. GREEN, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed January 27, 1903.

ARTHUR KEITHLEY, attorney for appellant.

W. T. IRWIN and STEVENS, HORTON & ABBOTT, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action of assumpsit brought by appellant on the following promissory note:

"$609.50.                    ELMWOOD, ILL., Oct. 29, 1901.

Thirty days after date we promise to pay to the order of ourselves, six hundred nine and 50/100 dollars, at Peoria National Bank, Peoria, Illinois. Value received, with interest at seven per cent per annum.

ELMWOOD COAL COMPANY,
By J. H. Allen, President."

Said note was indorsed as follows:

"Pay to Edward J. Abersol.

ELMWOOD COAL COMPANY,
By J. H. Allen, President."

By another indorsement the payment of the note was guaranteed by Joseph Clarke. The defendant, in addition to the general issue, filed an affidavit, made by Henry W. Lynch as receiver of said company, denying the execution of the note. The contention of the defendant was that J. H. Allen, who purported to sign the note as president of the Elmwood Coal Company, was not really the president of the company when the note was executed. At the

close of all the proof the court, at the instance of the defendant, directed the jury to return a verdict in its favor. The jury having returned their verdict as directed, the court entered a judgment in favor of defendant and the plaintiff below appeals to this court.

Upon the trial appellee introduced a witness for the purpose of making oral proof of the contents of the records of the defendant corporation. The witness swore that the records had been in his possession for quite a while, but they were not at that time in his possession or control. When asked by the court if he knew who had them, he replied: "I knew who had them a month ago." The witness was thereupon, over the objection of appellant, permitted to testify that he had examined the records of the company, and that there was no mention of J. H. Allen in them as an officer or otherwise. The witness failed to swear that he did not know who had possession of the records at the time of the trial, nor was there anything in the evidence to show that the witness or appellee might not have produced the records in court at that time. We are therefore of opinion that a proper foundation was not laid for the introduction of oral proof of the contents of the records and that the court erred in admitting the same.

There was evidence in the record tending to show that Allen was acting as president at the time of the execution of the note in question; that he was in charge of the mine; that he employed a superintendent and paid him for his services; that there were thirty-five or forty men employed and that these men were paid by checks signed by J. H. Allen drawn on a bank at Elmwood, and that they got their checks cashed. A witness, Joseph Clarke, who indorsed the note in question, also swore that he received two small checks signed "Elmwood Coal Company by J. H. Allen, President," about the time the note in question was given, and that they were paid; witness also testified that $500 of the amount for which the note here sued on was given, was paid by him to Mr. Allen in a check which was used to make up the pay-roll to pay off the men. With such evidence

in the record plaintiff was entitled to have the case submitted to the jury to let them determine from all the proofs whether or not Allen was in fact authorized to act as president of the company at the time he signed the note sued on.

The judgment of the court below will therefore be reversed and the cause remanded for another trial.